FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2015 SEP -3 AM 11: 32

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | 8:15MC95 |
| v. | Civ. Action No. 15-cv- |
| MUREX INVESTMENTS I, L.P. | |
| Defendant | |

## COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 363 and 364; and 15 U.S.C. §§ 689l and 689m, and 28 U.S.C. § 1345.

3. Defendant, Murex Investments I, L.P. (hereinafter, "Murex" or "Defendant") is a Delaware limited partnership that was designated with final approval

by SBA as a New Markets Venture Capital Company (hereinafter "NMVCC") in 2003. Murex was assigned NMVCC number 03/83-0003. Murex maintains its principal office and/or principal place of business at 470 Wissahickon Avenue, Suite 126, Philadelphia, PA 19144. Venue is therefore proper under Section 363 of the Act, 15 U.S.C. § 689, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purposes of the Act and the New Markets Venture Capital Program are to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C.§ 661; and to further economic development and the creation of wealth and job opportunities in low-income geographic areas and among individuals living in such areas by encouraging developmental venture capital investments in smaller enterprises primarily located in such areas. 15 U.S.C. §689a.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of NMVCCs. SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 108 (hereinafter, the "Regulations").

6. Murex is a limited liability company organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act and Regulations. SBA enters into participation agreements with NMVCCs and provides financing for them to accomplish the purposes of the Act.

7. SBA is authorized to provide Leverage to NMVCCs through the guarantee

2

of debentures (hereinafter, "Debentures") issued by NMVCCs. 15 U.S.C.§ 689d.

8. Leverage provided to an NMVCC in the form of Debentures is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§108.1810-1840. Section 108.1830 of the Regulations states that a Licensee has a condition of capital impairment if its capital impairment percentage exceeds 70% percent.

9. If an NMVCC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. §689m.

10. Section 363 of the Act and Section 108.1810(g)(ii) provide that if SBA determines that an NMVCC has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such NMVCC has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such NMVCC. 15 U.S.C. § 689l.

## STATEMENT OF FACTS

11. Murex was approved and designated by SBA as an NMVCC and entered into a participation agreement with SBA signed in 2003. Murex was assigned NMVCC number 03/83-0003, solely to do business under the provisions of the Act and regulations promulgated thereunder.

12. Murex Investments, LLC is the general partner of Murex.

13. Murex's Operating Agreement, submitted to SBA by Murex, expressly

3

provides that Murex is being organized solely for the purpose of operating as an NMVCC under the Act and that the operations of the partnership and the actions taken by the partnership and the partners shall be conducted in compliance with the Act.

14. In accordance with Section 355 of the Act, 15 U.S.C. §689d, SBA provided Leverage to Murex through the guarantee of Debentures with a face value totaling $8,250,000 of which $3.4 million remains outstanding.

15. Compliance with the terms of the Leverage provided by SBA required that Murex not have a condition of Capital Impairment, as that term is defined under the Regulations, 13 C.F.R. § 108.1830, which provides that an NMVCC such as Murex has a condition of Capital Impairment if its Capital Impairment percentage exceeds seventy percent (70%).

16. SBA determined that Murex had a condition of Capital Impairment as its Capital Impairment percentage exceeded 70%. By correspondence dated February 19, 2015, (the "Notice of Violation"), SBA informed Murex that it had a condition of Capital Impairment in violation of 13 C.F.R. §108.1830 of the Regulations, and pursuant to Section 108.1810(f)(5) of the Regulations, Murex was in default with an opportunity to cure its impairment within 15 days of the date of that letter.

17. Murex waived its opportunity to cure by correspondence dated February 25, 2015.

18. Murex's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. §108.1830(a) and is a violation of and an event of default under the Regulations, 13 C.F.R. §108.1810(f)(5). These continuing violations of the Regulations and Act entitle SBA to the remedies thereunder.

4

19.     Section 364(b) of the Act, 15 U.S.C. §689m, provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of an NMVCC may be forfeited and the NMVCC may be declared dissolved.

20.     Section 363 of the Act, 15 U.S.C. § 689l, provides that, whenever in the judgment of SBA, an NMVCC, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation under this Act, or of any order issued under the Act, then SBA may make application to the proper district court of the United States or a court subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order. Moreover, such courts shall have jurisdiction of such actions, and upon a showing that such NMVCC or other person has engaged or is about to engage in such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. The Court may also appoint SBA to act as receiver for such NMVCC.

## COUNT ONE

### Violation of SBA Regulations
### Capital Impairment
### 13 C.F.R. §§ 108.1830(b) and 108.1818(f)(5)

21.     Paragraphs 1 through 20 are incorporated herein by reference.

22.     Murex has an uncured condition of Capital Impairment as that term is defined under the Regulations, 13 C.F.R. § 108.1830(b). That section provides that an NMVCC such as Defendant has a condition of Capital Impairment if its Capital Impairment percentage exceeds seventy percent (70%).

5

23. SBA has determined, and Murex does not dispute, that its Capital Impairment is in excess of 70%.

24. SBA has determined that Murex is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

25. As a consequence of the failure to cure the Capital Impairment, by letter dated March 6, 2015, SBA accelerated the amount due under the Debentures and gave Murex fifteen (15) days to cure its condition of Capital Impairment.

26. Murex has failed to cure its Capital Impairment and SBA has determined that Murex is in violation of the Regulations and in default under its Debentures.

27. As a consequence of Murex's continuing violation of the Regulations, SBA is entitled to the injunctive relief provided under the Act, including the appointment of SBA as Receiver of Murex, and Murex has signed a consent judgment and order agreeing to the relief requested by SBA.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Murex, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Murex's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Murex, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determines and adjudicates Murex's noncompliance with the requirements of the NMVCC participation agreement and Debentures and violation of the Act and the Regulations promulgated thereunder;

6

C. That this Court take exclusive jurisdiction of Murex, and all of its assets, wherever located and appoint SBA as permanent receiver of Murex for the purpose of liquidating all of Murex's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Murex, as appropriate.

D. That this Court orders that Murex shall no longer be able to operate pursuant to the participation agreement with SBA as an NMVCC upon the wind-up and conclusion of the receivership thereof.

E. That this Court enter the Consent Judgment in the amount of $2,588,850.54, consisting of $2,582,703.93 in principal plus accrued interest as of June 23, 2015 of $6,146.61 with a per diem rate of $384.16 for each day thereafter through the date of entry of this Order (as reduced by previous principal and interest payments received by SBA), plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

F. That this Court grants such other and further relief as may be deemed just and proper.

Respectfully submitted,

Dated: 8/19/15

ZANE DAVID MEMEGER
United States Attorney    First Assistant U.S. Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

7

RICHARD M. BERNSTEIN (PA #23044)
Assistant United States Attorney
615 Chestnut Street Ste. 1250
Philadelphia PA 19106
(215) 861-8334 (t)
(215) 861-8618 (f)
richard.bernstein@usdoj.gov

U.S. SMALL BUSINESS ADMINISTRATION

ARLENE M. EMBREY
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W. 7th Fl.
Washington DC 20416
(202) 205-6976 (t)
(202) 481-0324 (f)
arlene.embrey@sba.gov